# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. NEBORSKY, TRUSTEE of the Robert J. Neborsky and Sandra S. Neborsky Living Trust, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>     vs.<br><br>VALLEY FORGE COMPOSITE TECHNOLOGIES, INC., et al.,<br><br>                                    Defendants. | CASE NO. 13-CV-2307-MMA (BGS)<br><br>**ORDER GRANTING MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL**<br><br>[Doc. No. 9] |

Plaintiff Robert J. Neborsky, Trustee of the Robert J. Neborsky and Sandra S. Neborsky Living Trust, filed this case on September 25, 2013 as a class action, alleging violations of the Securities and Exchange Act of 1934. Plaintiff now moves to be appointed as lead plaintiff and for approval of his selection of lead counsel. [Doc. No. 9.] Defendant Larry K. Wilhide filed a notice of non-opposition to the motion, which Defendant Louis J. Brothers joined. [*See* Doc. Nos. 12, 13.] No other oppositions to the motion were filed, and no other plaintiffs have sought appointment as lead plaintiff. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff Neborsky alleges that between January 1, 2009 and February 6, 2013,

he purchased 12,000 shares of Defendant Valley Forge Composite Technologies, Inc. ("Valley Forge") common stock.  Plaintiff alleges that Defendants intentionally engaged in a manipulative course of business conduct in which they falsely represented to the investing public that all their revenues were derived from the sale of aerospace devices, called momentum wheels, when in fact their revenues were largely derived from illegally exporting military semiconductors to Hong Kong. Plaintiff alleges that Defendants failed to disclose to investors their unlawful exportation of semiconductors to Hong Kong or explain to investors that Defendants' cash holdings were the fruits of illegal activities that could be seized at any time.  In addition, Plaintiff alleges that Defendants failed to disclose to investors that its export activities were subject to United States arms control regulations that could seriously and negatively impact the price of Defendant Valley Forge's common stock.  Plaintiff contends that he has suffered a market loss on his stock holdings of at least $1,104 as a direct and proximate result of Defendants' manipulative scheme.

**DISCUSSION**

**I.      Appointment of Lead Plaintiff**

Plaintiff moves pursuant to the Exchange Act as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") to be appointed as lead plaintiff and for approval of lead counsel.  The PSLRA establishes a three-step procedure for the selection of lead plaintiffs.

First, plaintiffs seeking to serve as a representative party must provide a sworn certification representing that: they have read the complaint; they did not purchase the security that is the subject of the complaint at the direction of their counsel or in order to participate in any private action; and they are willing to serve as a representative party.  15 U.S.C. § 78u-4(a)(2)(A)(i)-(iii).  Unless permitted by the court, no person may be a lead plaintiff "in more than 5 securities class actions brought as plaintiff class actions pursuant to the FRCP during any 3-year period." 15

13cv2307

U.S.C. § 78u-4(a)(3)(B)(vi).  Plaintiffs must also set forth all of their transactions in the security, identify any other action in which plaintiffs have sought to serve as a representative, and state that they will not accept any payment for serving as a representative party beyond their pro rata share of any recovery.  15 U.S.C. § 78u-4(a)(2)(A)(iv)-(vi).  Here, the proposed lead plaintiff has filed a sworn certificate containing all of the required information.  [*See* Doc. No. 1-1.]  Further, Plaintiff Neborsky certifies that he has not acted as a lead plaintiff in any other securities class actions brought under the FRCP in the past 3 years.  [*Id.*]

Second, not later than twenty days after the date on which the complaint is filed, the named plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported class of the pendency of the action, the claims asserted therein, and the class period.  15 U.S.C. § 78u-4(a)(3)(A)(I).  The notice must inform members of the purported class that not later than sixty (60) days after the date on which the notice is published, any member of the purported class may move the court to serve as a lead plaintiff of the purported class.  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  This step has been satisfied.  On October 10, 2013, Plaintiff published such notice through PR Newswire, a widely circulated national business publication, advising putative class members of the pendency of this action.  [Slavens Decl. at ¶ 4, Exhibit A.]  Plaintiff then moved for appointment as lead plaintiff within 60 days.  No other potential lead plaintiff has moved to serve as lead plaintiff.

Third, the Court must identify "the presumptively most adequate plaintiff," *i.e.*, "the one who 'has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'"  *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).  The Court must determine which plaintiff has the most to gain from the lawsuit and then determine if that plaintiff "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'"  *Id.*  "If the plaintiff with the largest financial stake in

13cv2307

the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.* Plaintiff estimates he has suffered $1,104 as a direct result of Defendants' allegedly manipulative scheme. No other plaintiff has come forward with information as to an amount of loss, leaving the Court to conclude, based on the record available, that Plaintiff Neborsky "has the largest financial interest in the relief sought by the class." *Id.*

As to the remaining typicality and adequacy of representation under Rule 23(a), "the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, [but] the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor[s]." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010). Plaintiff Neborsky satisfies the "typicality" and "adequacy" requirements of Rule 23(a). Plaintiff meets the typicality requirement because, just like other putative class members, he purchase Valley Forge common stock during the Class Period. Plaintiff also meets the adequacy of representation requirement because there is no indication that Plaintiff has any conflicts of interest with other class members, and he has chosen qualified and competent counsel. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998).

Other plaintiffs must have "an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *In re Cavanaugh*, 306 F.3d at 730. However, no other plaintiff has challenged Plaintiff's showing that he satisfies the typicality and adequacy requirements. Accordingly, the Court finds Robert J. Neborsky the most adequate plaintiff and **GRANTS** his motion for appointment as lead plaintiff under the PSLRA.

## II.     Approval of Plaintiff's Counsel

Pursuant to the PSLRA, a proposed lead plaintiff shall, subject to the court's approval, select and retain counsel to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(v). Plaintiff has selected the law firm of Krause Kalfayan to serve as

Lead Counsel for the class.  The record before the Court demonstrates that Krause Kalfayan has experience in prosecuting securities fraud actions, including class actions.  Accordingly, the Court  approves Plaintiff's selection of Krause Kalfayan as lead counsel.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff Robert Neborsky's motion for appointment of lead plaintiff and lead counsel.

**IT IS SO ORDERED.**

DATED:  January 10, 2014

_____

Hon. Michael M. Anello
United States District Judge

13cv2307